Filed 5/9/13  In re K.C. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.C. et al., Persons Coming Under the Juvenile Court Law. | H038794 (Santa Cruz County Super. Ct. Nos. DP002363 & DP002364) |
| SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT, Plaintiff and Respondent, v. T.C., Defendant and Appellant. | |

T.C. is the mother of K.C., a dependent child of the Santa Cruz County Juvenile Court pursuant to Welfare and Institutions Code, sections 300, et seq.  T.C. appeals a court order authorizing out-of-state travel with K.C.'s paternal grandmother.

A memorandum opinion is appropriate in this case because no novel issues are presented. According to the California Supreme Court, "an opinion sufficiently states 'reasons' if it sets forth the 'grounds' or 'principles' upon which the justices concur in the judgment."  (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1262.)

The order at issue in this appeal was made after a hearing on July 17, 2012, authorizing travel to Reno, Nevada on July 26, 2012 to July 29, 2012.  T.C. admits "it is

reasonable to assume the travel has already occurred," but insists this court should consider the merits of her challenge to the order.  The Attorney General asserts the action is moot, and should be dismissed.

An action that originally was based on a justiciable controversy cannot be maintained on appeal if the question has become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.  (*In re Dani R*. (2001) 89 Cal.App.4th 402, 404.)  Here, because the travel was authorized for July 26, 2012 to July 29, 2012, it has likely already occurred.  A reversal of the travel authorization order would have no practical effect.

Courts do have inherent discretion to decide moot cases that pose " 'an issue of broad public interest that is likely to recur.' "  (*In re Christina A*. (2001) 91 Cal.App.4th 1153, 1158.)  Although T.C. claims that this is such a case, there is no information in the record to that effect.  It seems, in fact, that the travel authorization in this case was a one-time request, and not a recurring issue.  If K.C.'s grandmother wishes to travel out of state in the future, and is granted authorization to do so, there is no reason T.C. cannot dispute the issue at that time.

2

**DISPOSITION**

The appeal is dismissed as moot.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA J.